UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Civil Case 05 Civ. 8561 (RJH) |
| BEST PAYPHONES, INC., | Bankruptcy Case 01-15472 (SMB) |
| Debtor. | **MEMORANDUM OPINION AND ORDER** |

The New York City Department of Information Technology & Telecommunications ("DoITT") (hereinafter, "City") filed two proofs of claims in this confirmed Chapter 11 bankruptcy case, seeking fines in connection with the operation of public pay telephones by debtor Best Payphones, Inc. ("Best").  On October 6, 2005, Best moved to withdraw the reference of the part of its objection based on the federal Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 251 et seq., in particular 47 U.S.C. §§ 253(a) and (c).  The City argues that withdrawal is inappropriate because the same questions are already pending before Judge Gleeson in the Eastern District of New York.  For the reasons set forth below, the motion to withdraw is denied.

## BACKGROUND

The facts of this case have been extensively canvassed in several opinions by the Bankruptcy Court, familiarity with which is assumed.  *See, e.g.*, *In re Best Payphones, Inc.*, 279 B.R. 92 (Bankr. S.D.N.Y. 2002); *In re Best Payphones, Inc.*, No. 01-15472 (SMB), docket no. 466 (Bankr. S.D.N.Y. Nov. 29, 2005) (City Ex. 13).  The Court will briefly highlight the facts relevant to the present matter.

In 1995 the City established the current regulatory scheme governing public pay telephones. Under the new regulations, entities that had already installed such phones on City property were required to apply for a franchise; failure to do so would result in a Notice of Violation, which carried a $1,000 fine per phone. Best, which at the time operated more than 800 public pay telephones on City property, applied for a franchise. By resolution dated August 11, 1999, the New York City Franchise & Concession Review Committee approved the grant of a franchise to Best, contingent on Best executing and returning the Franchise Agreement. The approval required Best to execute and deliver the Franchise Agreement and other required closing documents as a condition to the award. Best did not execute and return the Franchise Agreement, however, and on January 13, 2000, the City sent Best a letter stating that, as a result of Best's failure to return the closing documents, the Franchise Committee "can therefore be deemed to have determined not to approve a franchise for [the debtor]." The City thereafter removed twenty-three of Best's public pay telephones from City property between May 8 and May 10, 2000, and issued twenty-three Notices of Violations. Post-petition, the City issued an additional thirty-six Notices of Violation for operating thirty-six other public pay telephones without a permit.

Best filed this Chapter 11 case on October 23, 2001.[1] On February 1, 2002, the City filed a claim for pre-petition fines in the amount of $23,000, and on November 13, 2002, the City filed an administrative claim for post-petition fines in the amount of $36,000.[2] These claims correspond to the fifty-nine Notices of Violation issued to Best. Best filed a series of objections to these claims, arguing that the fines were unenforceable on a number of grounds. Of particular

---

[1] Best confirmed a 100% plan in late 2002 and subsequently sold all of its assets to a third-party.
[2] The City filed other claims at well, but these claims have been withdrawn or dismissed and are no longer disputed.

2

relevance to this motion, Best asserted that the Fines should be disallowed because the Franchise Agreement violated § 253(a) of the TCA.

At the same time, Best and its affiliate New Phone Company ("New")—an entity owned and controlled by Best's president, Michael Chaite—were "fil[ing] multiple lawsuits with overlapping claims and a shifting roster of defendants" in the Eastern District of New York. *New Phone Co. v. City of New York*, Nos. 00 Civ. 2007, 03 Civ. 3978, 01 Civ. 3934, 01 Civ. 8506, 03 Civ. 192, 04 Civ. 3541, 05 Civ. 1702, 2005 U.S. Dist. LEXIS 16224, 2005 WL 1902119, at *1 (E.D.N.Y. Aug. 5, 2005). These lawsuits all argued that the City had discriminated against New and Best in its regulation of public pay telephones and had unlawfully favored Verizon New York, Inc. ("Verizon"). *See id.* Eventually, the three active Best cases in the Eastern District were consolidated before Judge Gleeson, and Magistrate Judge Matsumoto granted Best leave to file an amended complaint in the lead case, *Best Payphones, Inc. v. City of New York*, No. 03 Civ. 192. *See Best Payphones, Inc. v. City of New York*, No. 03 Civ. 192, 2006 U.S. Dist. LEXIS 22410 (E.D.N.Y. Sept. 22, 2006). Best filed the Second Amended and Supplemental Consolidated Complaint in those actions on September 29, 2006, and the City filed a motion to dismiss the Second Amended and Supplemental Consolidated Complaint on April 16, 2007. That motion is currently pending before Judge Gleeson.

Meanwhile, in the bankruptcy proceeding, the City filed its response to Best's objections to its claim and moved for discretionary abstention, 28 U.S.C. § 1334(c)(1), arguing that all of issues surrounding Best's objections, other than the sufficiency of the City's proof of claim,[3] to the City's claims for fines were pending in other courts. Best responded by identifying four issues that it believed were not pending in any other proceeding.

---

[3] Specifically, Best argued that the City's claims should be dismissed because the City did not attach the Notices of Violation to its claims. (City Ex. 13, at 21.)

3

>1. how DoITT filled in the "Detail of Violation" section of the NOV itself (the NOV is ambiguous and vague) 2. how the hearings at the Environmental Control Board ("ECB") are conducted (the ECB allowed DoITT to change its theory for the same NOV once DoITT realized its prior theory would be defeated) 3. the failure of DoITT to apply a policy to Best that afforded other similarly situated public pay telephone ("PPT") providers an opportunity to avoid the NOVs and 4. DoITT's lack of enforcement on Verizon for identical alleged infractions.

(Reply to the Response of the [DoITT] and the Department of Transportation to the Debtor's Objections to DoITT's and DOT's Proofs of Claim, April 5, 2005 ("Reply to the City's Response"), docket no. 394, 01-15472 (SMB).) At oral argument on the City's motion, Best admitted that the first two issues were raised in another proceeding and rejected, so the Bankruptcy Court ruled from the bench that it would abstain from deciding those issues. The third and fourth issues implicate the provisions of several different laws, including the TCA. Notably, however, Best did not disagree with the City's assertion that the specific issue highlighted by Best as ripe for withdrawal in the instant motion—whether the Franchise Agreement violated the TCA—was pending in other proceedings, including the Eastern District. Nor did Best raise this issue at oral argument on the City's motion, which was held *after* the New York Court of Appeals and the Second Circuit ruled against Best in related proceedings.

While the City's motion for abstention was pending before the Bankruptcy Court, Best filed the present motion to withdraw the reference of the part of its objection based on the TCA. Judge Bernstein referred to the motion in its opinion granting the City's motion for abstention:

>The question comes down to which federal court should decide the parties' disputes. At present, litigations are pending in this [Bankruptcy Court] and in the Eastern District of New York. In addition, the debtor has moved to withdraw the reference of the part of it objection based on the Telecommunications Act of 1996. . . .
>
>I do not presume to invade the territory of our own District Court where the debtor's motion to withdraw the reference is pending but remains undecided. Moreover, that motion centers on the provisions of the Telecommunications Act of 1996, and the debtor has understandably not argued that I should decide those issues. Nevertheless, the new allegations of selective enforcement raised by the

4

>debtor relate to the discrimination issues that form the crux of the Eastern District complaints.

(City Ex. 13, at 17–18.)  Judge Bernstein went on to find that the third and fourth issues—Best's claims of selective enforcement—were specifically addressed in the complaints then pending in the Eastern District.  Consequently, the Bankruptcy Court held that it would abstain from hearing *any* of the issues raised by the debtor's Amended Objection, with the exception of the sufficiency of the City's proof of claim.

With this background in mind, the Court now turns to Best's argument that the parts of its Objection based on the TCA must be withdrawn under 28 U.S.C. § 157(d).

## DISCUSSION

Pursuant to 28 U.S.C. § 157(a), all Chapter 11 cases are automatically referred to this district's bankruptcy judges.  A party can move to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), which states:

> The district court *may withdraw*, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*. The district court *shall*, on timely motion of a party, *so withdraw* a proceeding *if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States* regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis supplied).  Best argues that the reference of those of its Objections that rely on the TCA should be withdrawn under either the mandatory or permissive standard of § 157(d).

Mandatory withdrawal under § 157(d) is narrowly applied, and is appropriate only when "substantial and material potential conflicts exist between non-bankruptcy federal laws and Title 11." *In re Keene Corp.*, 182 B.R. 379, 382 (S.D.N.Y. 1995) (citation omitted).  Specifically, this provision of the statute has been interpreted to mandate withdrawal in situations where a

5

bankruptcy judge would be called upon to "engage in significant interpretation, as opposed to simple application," of federal non-bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991); *see also In re Keene*, 182 B.R. at 382; *Enron Power Mktg. v. City of Santa Clara (in Re Enron Power Mktg.)*, 2003 U.S. Dist. LEXIS 189 (S.D.N.Y. 2003). In addition, mandatory withdrawal is "a fact specific determination, and thus necessarily involves analysis in light of the circumstances involved in each case." *In re Keene*, 182 B.R. at 382.

Even where the requirements for mandatory withdrawal are not satisfied, a district court may withdraw a reference to the Bankruptcy Court, "in whole or in part, . . . for cause shown." 28 U.S.C. § 157(d). Although § 157(d) does not define "cause," the Second Circuit has identified a number of relevant factors, including "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *see also In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996).

The City argues that, because the Bankruptcy Court granted the City's motion for abstention, there are no "proceedings" left to withdraw. This Court agrees. The Bankruptcy Court's opinion explicitly states that "the Court will abstain from hearing the issues raised by the debtor's Amended Objection with one exception. The debtor contends or implies that the DoITT claims should be dismissed because DoITT did not attach the NOVs to its claims. This is the only remaining issue that I must decide." (City Ex. 13, at 21.) As a result, so long as the abstention order remains in place, there is no reason to believe that the Bankruptcy Court will be called upon to "engage in significant interpretation" of the TCA. During the Bankruptcy Court's abstention, the consolidated cases in the Eastern District will proceed. The Second Amended

and Supplemental Complaint specifically alleges that the text of the Franchise Agreement violates the TCA and seeks "an order declaring that the rules, regulations, and requirements that the City seeks and has sought to impose in the mandatory Franchise Agreement violate 47 U.S.C. §§ 253 and 276." *See* ¶¶ 290–93, 311; *see also* ¶¶ 7, 10–11, 14 (factual background related to the Franchise Agreement); ¶¶ 24–26, 311 (declaratory and injunctive relief and damages sought); ¶¶ 97–165 (detailed allegations regarding how the Franchise Agreement violates the TCA). Accordingly, mandatory withdrawal pursuant to § 157(d) is not compelled.[4]

Permissive withdrawal is likewise inappropriate. Neither judicial efficiency nor uniformity of bankruptcy administration would be materially advanced by a withdrawal of the reference in the instant case because, as explained, the same issues are pending, and indeed, are further advanced, in the Eastern District cases. Moreover, declining to withdraw the reference will not result in any additional delay or costs to the parties. As the Bankruptcy Court noted in its abstention order, "the resolution of the dispute will have little impact on the debtor and no impact on its creditors" (City Ex. 13, at 16) as Best has already reorganized and is presently resolving claims that, if allowed, will be paid from established reserves set out under the confirmed plan. Finally, Best has told the Court that it would not object to the withdrawal and transfer of its Objections to the Eastern District. (Reply 6.) However, as the Second Amended and Supplemental Consolidated Complaint, filed on September 29, 2006, contains the same arguments that Best has asked this Court to withdraw, no withdrawal is now necessary.

---

[4] The Court notes that even if the question of the Franchise Agreement's validity were to return undecided to the Bankruptcy Court from the Eastern District, the Bankruptcy Court may never have to "engage in significant interpretation, as opposed to simple application," of the TCA because the statute has already been interpreted by courts in similar cases, including the Second Circuit, *see TCG New York, Inc. v. City of White Plains*, 305 F.3d 67 (2d Cir 2002), *cert. denied*, 538 U.S. 923 (2003), and at least one bankruptcy court, *see In re Metromedia Fiber Network, Inc.*, 313 B.R. 153 (Bankr. S.D.N.Y. 2004), *aff'd*, 326 B.R. 483 (S.D.N.Y. 2005).

## CONCLUSION

For the foregoing reasons, the motion to withdraw the reference is denied.

SO ORDERED.

Dated: New York, New York
       May 21, 2007

Richard J. Holwell
United States District Judge